ERIC GRANT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE WOODSON,<br><br>Defendant. | CASE NO. 2:26-CR-00135-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: October 23, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Shane Woodson, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 23, 2026.

2. By this stipulation, the defendant now moves to continue the status conference until December 11, 2026, and to exclude time between October 23, 2026, and December 11, 2026, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes over 1,000 documents and other records (not including discovery depicting child sexual abuse material ("CSAM")). All of this discovery has been either produced directly to counsel or, in the case of the CSAM discovery, made available for inspection and copying.

b) Counsel for the defendant desires additional time to consult with her client, review the current charges, conduct investigation and research related to the charges, and review and copy discovery for this matter. Furthermore, the defendant is presently on pretrial release and residing in Wyoming, which makes reviewing discovery more time-consuming than it would be if the defendant resided locally.

c) Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 23, 2026, to December 11, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 14, 2026

ERIC GRANT
United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: October 14, 2026

/s/ ROBIN CHANG
ROBIN CHANG
Counsel for Defendant SHANE WOODSON

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on October 15, 2026 (Doc. No. 21), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for October 23, 2026, is VACATED and RESET for December 11, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between October 23, 2026 and December 11, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dena Coggins
United States District Judge